I. WILLIAM ARONSOHN, PROSECUTOR, v. MAYOR AND COUNCIL OF THE BOROUGH OF FORT LEE, DEFENDANTS.

Argued January 16, 1934—Decided June 25, 1934.

Before Justices CASE, BODINE and DONGES.

For the prosecutor, *Le Roy Vander Burgh.*

For the defendants, *James A. Major.*

PER CURIAM.

This is an application for a writ of *certiorari* to review the action of the council of the borough of Fort Lee in abolishing the office of borough recorder, which office was held by the prosecutor, who was appointed January 1st, 1933, for a term of five years.

The sole question presented by the points argued is whether or not the council acted in good faith in abolishing the office.

The office of recorder is created by council, under the authority of the statute, and may be abolished by the municipal authority, provided such action is taken in good faith. There is a presumption in favor of the good faith of the governing body and the burden of showing bad faith is upon the prosecutor. *Shoemaker* v. *Township Committee of Centre Township,* 129 *Atl. Rep.* 432; *Van Saun* v. *Township Committee,* 150 *Atl. Rep.* 770.

Prosecutor has been serving as recorder without compensation, and contends that economy is not a valid reason for abolishing his office. Respondents claim there are other expenses connected with the operation of the office, such as light, heat, services of a police officer to act as clerk, which, though small, are proper elements of expense to be considered in view of the straitened financial situation of the borough, which is in the hands of the municipal finance commission. It appears also that there is in effect in Bergen county the district criminal court system, and that there is a district criminal court, presided over by a trained judge, which has jurisdiction of any matter that might come before the recorder of the borough of Fort Lee.

We are of the opinion that the record does not disclose that the action of the borough council in abolishing the position was taken in bad faith. The court will not substitute its judgment for that of the governing body, when exercised in good faith.

The writ is denied, with costs.